IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID J. DUNN,

    Petitioner,

v.

JEFFREY WEHKING,
Warden, Centralia
Correctional Center,

    Respondent.

Case No. 25-CV-02201-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner David J. Dunn is an inmate presently housed at Centralia Correctional Center in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2254 and 2241(d). (*See* Doc. 1). This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### FACTUAL AND PROCEDURAL BACKGROUND

Dunn was convicted of two counts of Aggravated Criminal Sexual Assault and one count of Aggravated Criminal Sexual Abuse after a jury trial in the Circuit Court for Champaign County, Illinois. *People v. Dunn*, No. 17-CF-433 (Ill. Cir. Ct. 2018). He was sentenced to thirty-six years' imprisonment by the trial court. *Id*. Dunn appealed his conviction to the Illinois Appellate Court for the Fourth District. *People v. Dunn*, No. 4-18-0552 (Ill. App. Ct. 2021). On January 22, 2021, the appellate court affirmed his conviction; the Illinois Supreme Court denied Mr. Dunn's Petition for Leave to

Appeal on May 26, 2021. *Id.*; *People v. Dunn*, 169 N.E.3d 355 (Ill. 2021).

On February 24, 2022, Dunn filed a Post-Conviction Petition in the Circuit Court of Champaign County under the Illinois Post-Conviction Hearing Act. *People v. Dunn*, No. 17-CF-433 (Ill. Cir. Ct. 2018). The Circuit Court dismissed the petition at the second stage on March 10, 2023 without granting an evidentiary hearing. *Id.* Dunn then appealed the dismissal to the Illinois Appellate Court for the Fifth District. *People v. Dunn*, No. 5-23-0213 (Ill. App. Ct. 2025). On April 18, 2025, the appellate court affirmed. *Id.* Dunn then filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on September 24, 2025. *People v. Dunn*, 270 N.E.3d 812 (Ill. 2025). Dunn filed the instant Petition on December 18, 2025. (Doc. 1).

## ANALYSIS

The Supreme Court has established that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing

*Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Moreover, a state petitioner can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also id.* ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). The Seventh Circuit has held that "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

In his Petition, Dunn raises six grounds, all of which argue that various aspects of his trial in Champaign County were constitutionally defective: (1) that his sentence is grossly disproportionate to the severity of his offense; (2) that the evidence presented at trial was insufficient for a reasonable trier of fact to find that he met the essential elements of the crime; (3) that he received ineffective assistance of counsel because the jurors were not provided with the means to hear key audio exculpatory evidence; (4) that he is actually innocent based on newly discovered evidence; (5) that he received ineffective assistance of counsel due to counsel's failure to adequately cross-examine the State's witness, obtain an expert witness who would have provided favorable evidence, and avoid other prejudicial errors; and (6) that his rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), were violated because the results of a forensic examination of his cell phone were not disclosed and law enforcement merely assured him that no exculpatory evidence existed. (*See* Doc. 1).

As stated above, Dunn's Petition states that it was filed pursuant to both 28 U.S.C. §§ 2254 *and* 2241(d). (*See* Doc. 1, p. 1). It is unclear whether the inclusion of § 2241 was intentional or merely a scrivener's error. Aside from that opening sentence, neither the Petition nor the Memorandum in Support makes *any* further mention of § 2241. (*See* Docs. 1, 12). Because Dunn is a state prisoner confined pursuant to a state-court judgment, § 2241 is not an available vehicle for relief. *See Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000). Additionally, the arguments asserted by Dunn relate to the validity of his sentence and conviction, rather than in the execution of his confinement, indicating that § 2254 is the appropriate basis for his Petition. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing

that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). In any event, "it is the substance of the petition, rather than its form," that determines whether it proceeds under § 2241 or § 2254. *See Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 277–78 (2d Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). Because Petitioner is confined due to a state court judgement, and because his filings heavily rely on § 2254 and only reference § 2241 once, the Court therefore construes the Petition as brought solely under § 2254.

As discussed *supra*, Dunn has shown that he appealed his conviction to the Illinois Supreme Court, indicating that he has exhausted the state remedies available to him. *People v. Dunn*, 270 N.E.3d 812 (Ill. 2025). Additionally, he has not filed a § 2254 Petition previously in this District. Therefore, without commenting on the merits of his claims, the Court concludes that Dunn's Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Dunn is not entitled to habeas relief.

## DISPOSITION

**IT IS HEREBY ORDERED** that Respondent Jeffrey Wehking shall answer or otherwise plead on or before March 13, 2026. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Dunn is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of

this action. This notification shall be done in writing and not later than fourteen (14) days after a transfer or other change in address occurs in accordance with Local Rule 3.1(b)(2). Failure to provide such notice may result in dismissal of this case or other sanctions. *See id.*; FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 11, 2026**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
